```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN J. MURCHEK,              )
                               )
                               )   CIVIL ACTION NO. _____
     PLAINTIFF,                )
                               )
          vs.                  )   JURY TRIAL DEMANDED
                               )
SBA COMMUNICATIONS             )
CORPORATION t/d/b/a            )
SBA NETWORK SERVICES           )
                               )
     DEFENDANT.                )
```

**COMPLAINT**

**AND NOW COMES** plaintiff, Susan J. Murchek, by and through her attorneys, Lawrence D. Kerr, Esq., Claire E. Throckmorton, Esq., and Tremba, Kinney, Greiner & Kerr, LLC, and files the within complaint averring as follows:

### I.   INTRODUCTION

1.   This action is brought under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 *et seq.* ("ADA"). Plaintiff claims the defendant fired her because of her marriage to a disabled person.

### II.   JURISDICTION AND VENUE

2.   This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

3. This court has federal question jurisdiction because the plaintiff's claims under the ADA arise from federal statutes. 28 U.S.C. § 1331.

4. This court has personal jurisdiction over the defendants because their contacts with Pennsylvania and this federal judicial district meet the requirements necessary to satisfy the notions of fair play and justice established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

5. Venue is proper under 28 U.S.C. § 1391 because defendants regularly conduct business here and the plaintiff's claims arise from events which occurred in this judicial district.

6. The plaintiff has exhausted her federal administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and has received a Notice of Right to Sue. This suit is filed within 90 days of her receipt of that notice.

7. This Court has supplemental jurisdiction over the plaintiff's claim under the Pennsylvania Human Relations Act ("PHRA"). 28 U.S.C. § 1367.

8. The plaintiff dual-filed her EEOC charge with the Pennsylvania Human Relations Commission. More than one year has elapsed since her filing, thus she has exhausted her administrative remedies under the PHRA.

### III. PARTIES

9. The previous paragraphs are incorporated.

10. Plaintiff Susan J. Murchek ("Mrs. Murchek") resides with her husband at 528 Monticello Drive, Delmont, Westmoreland County, Pennsylvania.

11. Defendant SBA Communications Corporation t/d/b/a SBA Network Services ("collectively referred to as "SBA"), is a Florida corporation(s) with an office and principal place of business at 8051 Congress Avenue, Boca Raton, Florida, and a local office at 470 Davidson Road, Pittsburgh, Pennsylvania.

### IV. FACTUAL ALLEGATIONS

12. The previous paragraphs are incorporated.

13. Mrs. Murchek was born on October 20, 1958, in Pittsburgh, Pennsylvania.

14. On April 13, 2001, Mrs. Murchek married Denis J. Murchek.

15. Mr. Murchek is a recovering addict. On February 24, 2015, he became clean and sober and has remained so since.

16. SBA Communications Corporation was founded in 1989 and is headquartered in Boca Raton, Florida. SBA owns and operates wireless infrastructure, including small cells, indoor/outdoor distributed antenna systems, and traditional cell sites that support antennas used for wireless communication by mobile carriers and wireless broadband providers in the United

States and its territories, as well as in Canada, Central America, and South America.  SBA operates in two segments: site leasing and site development.  SBA leases antenna space to wireless service providers on towers that it owns or operates, and manages rooftop and tower sites for property owners under various contractual arrangements.  As of December 31, 2013, SBA owned 20,079 towers.  SBA also manages or leases approximately 4,800 actual or potential towers.  SBA provides various site development services comprising of network pre-design, site audits, identification of potential locations for towers and antennas, support in buying or leasing of the location, assistance in obtaining zoning approvals and permits, tower structure construction, antenna installation, and radio equipment installation, commissioning, and maintenance.

17. On June 5, 2006, SBA hired Mrs. Murchek as an expediter.  Her customers were carriers such as Verizon, T-Mobile, Sprint, etc.  When SBA leased tower space to customers, SBA constructed/installed equipment on cell towers.  Mrs. Murchek handled purchase orders, invoicing, etc., relating to repairs of existing towers and new construction.

18.   Mrs. Murchek was later promoted to Project Manager, then Project Controls Manager.  She worked at SBA's Pittsburgh office.

19.   For 10 years, SBA gave Mrs. Murchek positive annual performance reviews.

20. In September, 2015, Matt Fusco became Mrs. Murchek's immediate supervisor. He is a former police officer.

21. From March to November 2015, Mr. Murchek assisted a state drug task force as an informant. This activity was wholly unrelated to SBA's interests and operations.

22. During the latter part of September 2015, Mrs. Murchek learned that Mr. Fusco was conducting his own, "personal investigation" into Mr. Murchek's addiction background. Mr. Fusco learned that Mr. Murchek was a recovering addict.

23. During the last week of September, 2015, Mrs. Murchek confronted Mr. Fusco at work concerning his investigation of her husband. Mr. Fucsco was surprised; he said, "I was just calling the police to see if there was anything I could do to help." She told Mr. Fusco that her husband had been clean and sober for seven months.

24. Approximately one week later, Mr. Fusco called Mrs. Murchek into his office. He introduced her to an ex-police officer friend who he had just hired. At that time, Mr. Fusco and his friend were on a conference call with SBA's HR Generalist who was calling from SBA's main office in Florida. SBA's HR Generalist told Mrs. Murchek, "We've decided we no longer need you."

25. SBA mailed Mrs. Murchek a termination letter dated October 1, 2015, which is attached as Exhibit A. The letter begins, "According to your conversation with Matt Fusco, please

accept this letter as notice of the termination of your employment with SBA Network Services, LLC, effective October 1, 2015."

26.     Mrs. Murchek was terminated because she was married to a recovering addict who is a qualified individual with a disability under the ADA.  In the alternative, Mrs. Murchek alleges that SBA regarded Mr. Murchek as disabled.

### V. COUNT I – PLAINTIFF VS. ALL DEFENDANTS
### ADA – WRONGUFL DISCHARGE

27.     The previous paragraphs are incorporated.

28.     At all times relevant to this complaint, SBA was Mrs. Murchek's "employer" under the ADA.

29.     At all times relevant to this complaint, Mrs. Murchek was married to and thus associated with Mr. Murchek who was a qualified person with a disability and/or regarded as disabled under the ADA.

30.     On or about October 1, 2015, SBA violated the ADA by wrongfully discharging Mrs. Murchek because she was married to a qualified person with a disability, or in the alternative, was discharged because she was married to a person who SBA perceived as being disabled.

31.     As a result of the SBA's unlawful actions, Mrs. Murchek suffered damages in the form of lost wages and benefits, loss of future earnings and earnings potential, emotional distress, embarrassment, inconvenience, loss of life's pleasure,

loss of reputation, and other compensatory economic and non-economic damages recoverable under the ADA.

32.  SBA's actions were intentional, outrageous, and willful so as to justify an award of punitive damages.

WHEREFORE, Mrs. Murchek requests judgment in her favor and against the defendants in excess of $75,000, plus attorney fees, costs, interest, punitive damages, and equitable relief as determined by this Court.

## VI. COUNT II — PLAINTIFF VS. ALL DEFENDANTS
## PHRA – WRONGUFL DISCHARGE

33.  The previous paragraphs are incorporated.

34.  The Pennsylvania Supreme Court has held that the PHRA is to be interpreted coextensively with the ADA.

35.  At all times relevant to this complaint, SBA was Mrs. Murchek's "employer" under the PHRA.

36.  At all times relevant to this complaint, Mrs. Murchek was married to and thus associated with her husband who was a qualified person with a disability and/or regarded as disabled as defined by the PHRA.

37.  On or about October 1, 2015, SBA violated the PHRA by wrongfully discharging Mrs. Murchek because she was married to a qualified person with a disability, or in the alternative, was discharged because she was married to a person who SBA perceived as being disabled.

38. As a result of SBA's unlawful actions, Mrs. Murchek suffered damages in the form of lost wages and benefits, loss of future earnings and earnings potential, emotional distress, embarrassment, inconvenience, loss of life's pleasure, loss of reputation, and other compensatory economic and non-economic damages recoverable under the PHRA.

WHEREFORE, Mrs. Murchek requests judgment in her favor and against the defendants in excess of $75,000, plus attorney fees, costs, interest, and equitable relief as determined by this Court.

Respectfully submitted,

TREMBA, KINNEY, GREINER & KERR, LLC

Date: ___6/9/2017___   By: /s/ Lawrence D. Kerr, Esq.
　　　　　　　　　　　　　　Lawrence D. Kerr, Esq.
　　　　　　　　　　　　　　PA I.D. #58635

　　　　　　　　　　　　　　/s/ Claire E. Throckmorton, Esq.
　　　　　　　　　　　　　　Claire E. Throckmorton, Esq.
　　　　　　　　　　　　　　PA I.D. #321125

　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　302 West Otterman Street
　　　　　　　　　　　　　　Greensburg, PA 15601